J. S93010/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN LYLE REIS, | : | |
| | : | |
| Appellant | : | No. 1293 EDA 2016 |

Appeal from the PCRA Order March 7, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000712-2010
CP-39-CR-0000713-2010

BEFORE: DUBOW, SOLANO, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 24, 2017**

Appellant, Kevin Lyle Reis, appeals from the Order entered on March 7, 2016, in the Court of Common Pleas of Lehigh County dismissing as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition. [1]

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] On May 4, 2016, this Court issued a Rule to Show Cause Order directing Appellant to explain why the "appeal should not be quashed as having been taken from a purported order of April 2, 2016, which is not entered upon the appropriate docket of the lower court." Rule to Show Cause Order, filed 5/4/16, at 1. Appellant responded that he "incorrectly stated the date of the Final Order . . . as the same date of filing of the Notice of Appeal as a typographical error." Response to Rule to Show Cause, 5/23/16, at 1. This

Appellant challenges the legality of the sentence imposed in connection with his convictions arising from his sexually abusing his 17-year-old daughter on a weekly basis over the course of eight years, and Appellant's admission in a post-arrest interview that he kept multiple firearms in his residence although he was a convicted felon. On May 24, 2010, Appellant entered a guilty plea to one count each of Involuntary Deviate Sexual Intercourse and Persons Not to Possess Firearms.[2] On December 21, 2010, the trial court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration, and classified Appellant as a Sexually Violent Predator.[3]

Appellant filed a timely Notice of Appeal, but discontinued his direct appeal on March 17, 2011. On March 14, 2011, Appellant filed a Post-Sentence Motion *nunc pro tunc*, which the trial court denied. Appellant filed another Notice of Appeal on May 10, 2011. This Court dismissed Appellant's appeal, concluding that Appellant's second Notice of Appeal was untimely.

Court issued an Order indicating the issue would be decided by this panel. After considering Appellant's response, we decline to quash the appeal.

[2] 18 Pa.C.S. § 3123(a)(7) and 18 Pa.C.S. § 6105(a)(1), respectively.

[3] As this Court previously stated in our consideration of his direct appeal, Appellant is not serving a sentence pursuant to any mandatory minimum sentence provisions as part of the negotiated terms of his guilty plea. **See Commonwealth v. Reis**, No. 1284 EDA 2011 (Pa. Super. filed December 29, 2011) (unpublished memorandum).

*Commonwealth v. Reis*, No. 1284 EDA 2011 (Pa. Super. filed December 29, 2011) (unpublished memorandum).

On August 14, 2013, the trial court granted Appellant's first PCRA Petition and permitted Appellant to file a Motion to Reconsider his sentence *nunc pro tunc* within 10 days. Appellant filed a Motion to Reconsider *nunc pro tunc*, which the trial court denied.

On August 17, 2015, Appellant filed the instant PCRA Petition, his second, claiming his sentence is illegal pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013). After appointing counsel and providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition as untimely on March 7, 2016.[4]

Appellant filed a *pro se* Notice of Appeal on April 12, 2016. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

I. Did the [PCRA] Court err in denying the instant [PCRA] Petition without a hearing when the "new rule" of law created by the United States Supreme Court in their plurality decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013) is a "substantive rule," that by "constitutional requirement" must be [applied] retroactively in the instant case?

II. Did the [PCRA] Court err in denying the [PCRA] Petition without a hearing when [Appellant] filed the instant [PCRA] Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 ([Pa.] 2015)?

---

[4] The docket indicates that the clerk mailed Appellant a copy of the Order on March 8, 2016.

III. Did the [PCRA] Court err in denying the [PCRA] Petition without a hearing when [Appellant] contends that through the Court's inherent power, the [PCRA] Court always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. §

9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on March 17, 2011, upon voluntarily discontinuing his first timely direct appeal to this Court. ***See*** 42 Pa.C.S. § 9545(b)(3); ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008). In order to be timely, Appellant needed to submit his PCRA Petition by March 17, 2012. ***Id***. Appellant filed this PCRA Petition on August 17, 2015, well after the one-year deadline. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 6/14/16, at 2.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

> **(b) Time for filing petition.**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Here, in relying on *Alleyne* and *Hopkins*, *supra*, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii) to challenge the legality of his sentence, averring that the court applied the mandatory minimums provided in 42 Pa.C.S. §§ 9712 and 9718. As noted above, the trial court did not, in fact, sentence Appellant to a mandatory minimum. Accordingly, *Alleyne* and *Hopkins* have no relevance to the legality of Appellant's sentence.

Moreover, even if *Alleyne* were applicable, this Court would have no jurisdiction to review the claim. Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality

of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

The United States Supreme Court decided **Alleyne** on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013.[5] **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision). Appellant filed this PCRA Petition on August 17, 2015, well after 60 days of the **Alleyne** decision.

Moreover, our Supreme Court has recently reiterated that **Alleyne** does not apply retroactively on post-conviction collateral review. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016).

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. **See** PCRA Court Opinion at 1-3. We, thus, affirm the denial of PCRA relief.

Order affirmed.

---

[5] This Court applied **Alleyne** in **Hopkins**, **supra**, on June 15, 2015. However, this Court recently reiterated that "the **Hopkins** decision did not announce a 'new rule,' [for purposes of 42 Pa.C.S. § 9545(b)(1)(iii)] but rather simply assessed the validity of Section 6317 under **Alleyne** and concluded that particular mandatory minimum sentencing statute was unconstitutional." **Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa. Super. 2016). Accordingly, Appellant's reliance on **Hopkins** to calculate the 60-day period is misplaced.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017